**Linda M. BROWN, Plaintiff–Appellant,**

v.

**FORD, BACON & DAVIS, UTAH, INC., a Utah Corporation; and Ford, Bacon & Davis, Incorporated, a New Jersey Corporation, Defendants–Appellees.**

**No. 86–1842.**

United States Court of Appeals, Tenth Circuit.

June 27, 1988.

Elizabeth T. Dunning (Tracy H. Fowler, with her on the brief) of Watkiss & Campbell, Salt Lake City, Utah, for plaintiff-appellant.

Randall S. Feil (Brent P. Lorimer with him on the brief) of Fox, Edwards, Gardiner & Brown, Salt Lake City, Utah, for defendants-appellees.

Before MOORE and BALDOCK, Circuit Judges, and BOHANON, District Judge.[*]

JOHN P. MOORE, Circuit Judge.

Linda Brown filed a complaint alleging her former employer discharged her from her position as an accountant because of her gender and her complaint of discriminatory treatment, in violation of Title VII of the Civil Rights Act of 1964. She further claimed the defendants breached her contract of employment by failing to comply with termination procedures specified in their personnel manual. The trial court found defendants had not discharged plaintiff for discriminatory or retaliatory reasons but had breached the contract.

Plaintiff appeals on the grounds that the court's findings on her civil rights claims are clearly erroneous and that damages for her contract claim were not properly calculated. We conclude plaintiff's objections to the court's factual findings merely go to the weight and credibility to be accorded the evidence, which amply supports the court's findings. We further conclude, in light of the peculiarities of this case, damages were improperly calculated. We therefore affirm in part but remand for further proceedings.

The unusual fabric of this case was first loomed by the defendants when plaintiff's supervisors determined that Ms. Brown's continued employment was not desirable. The trial court found that this decision was rooted in two separate circumstances. The first of these circumstances was plaintiff's inability to function at a businesslike level,

* Honorable Luther L. Bohanon, Senior Judge, United States District Court for the Districts of Oklahoma, sitting by designation.

an inability reflected by her repeated tardiness, inattentiveness, and improper sociability. Plaintiff also made several mistakes in her work that proved detrimental to her employer. Although one of plaintiff's supervisors attempted to help her raise the level of her performance, these efforts met with no success.

The second, and equally important, factor leading to plaintiff's dismissal arose from defendants' acquisition of another company. This acquisition brought Amy Caputo, another accountant, into Ms. Brown's department. Ms. Caputo ultimately proved herself more competent than plaintiff. Plaintiff's supervisors determined there was insufficient work for both plaintiff and Ms. Caputo, and therefore decided to terminate Ms. Brown in a "reduction in force." Plaintiff was given the three weeks' severance pay her contract mandated for such a discharge.

■ This combination of circumstances led the trial court to conclude Ms. Brown was terminated both for cause and because of a lack of work. Plaintiff claims this finding is clearly erroneous, arguing that various inconsistencies in the evidence demonstrate these reasons are pretextual. We have examined the record and have concluded plaintiff's arguments do not satisfy her burden of demonstrating that a mistake was made by the trial court. Recognizing the arguability of plaintiff's view of the evidence, we nonetheless conclude the district court's findings are plausible when the record is viewed in its entirety. With this conclusion before us, we cannot find clear error. *Equal Employment Opportunity Comm'n v. Wyoming Retirement Sys.,* 771 F.2d 1425, 1429 (10th Cir.1985). It is not the function of an appellate court to determine issues anew, nor will it disturb factual decisions supported by the evidence. *State Distribs., Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 411–12 (10th Cir.1984).

While it is seemingly inconsistent that plaintiff was terminated both for cause and as a result of a reduction in force, the evidence supports this conclusion. We do not agree with plaintiff's contention that defendants have taken inconsistent positions to justify their acts. It is a simple matter of fact that when the company decided it had insufficient work for two full-time accountants, it chose to release the one whose performance was below that of the other.

Although there are many other threads within this fabric which could be explored, and indeed have been in the briefs, we do not believe there would be profit in doing so. Suffice it to say that for each time plaintiff has asserted a "yin" argument, defendants have responded with a "yang," leading us to the conclusion that plaintiff's arguments go to the credibility of the witnesses and the weight of the evidence. These issues were resolved by the trial court, and we rely upon its resolution.

■ We are troubled, however, by the award of damages. By finding that plaintiff was discharged both for cause and as part of a reduction in force, the district court has created an unintended dilemma. If plaintiff was discharged as part of a reduction in force, there was no breach of contract and plaintiff is entitled to no damages whatsoever. If plaintiff was discharged for cause, however, defendants breached her contract by failing to afford her the "progressive discipline" procedures her contract required as a precondition to discharge for cause. Plaintiff would then be entitled to her accrued salary for the period between her procedurally defective discharge and the time when her employer "substantially complied"[1] with the required procedures, subject to her duty to properly mitigate. *Piacitelli v. Southern Utah State College,* 636 P.2d 1063, 1067–69 (Utah 1981).

The district court's resolution of this dilemma required some measure of judicial

---

1. The Utah Supreme Court has held that an employer substantially complies with "progressive discipline" procedures when "the purpose of the procedural requirements was fulfilled and the substantial interests of the parties were satisfied." *Piacitelli v. Southern Utah State College,* 636 P.2d 1063, 1066 (Utah 1981).

legerdemain. The court found that plaintiff was entitled to the "progressive discipline" procedures because defendants showed there was "just cause" for her discharge. With no apparent factual foundation, the court concluded that as a matter of law it would have taken only six weeks for plaintiff's supervisors to give her the necessary "two warnings with related timetables." It found plaintiff could then have been terminated "without cause" even if her job performance had improved during this period. Based upon these findings, the court restricted plaintiff's damages to six weeks' salary plus interest.

■ The district court's efforts to forge a just and equitable result have produced an unsupportable judgment. If plaintiff's discharge was in fact based on her unsatisfactory job performance, she is entitled to back pay and reasonable front pay[2] consistent with *Piacitelli.* If, however, the determinative factor in plaintiff's discharge was the lack of work she was qualified to perform, defendants' breach did not actually damage plaintiff. We therefore remand for a determination of whether plaintiff is entitled to damages consistent with our reading of *Piacitelli*, or whether her damages for breach of contract are curtailed by the absence of work she was qualified to perform.

AFFIRMED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.

2. In the instant case, plaintiff seeks "reasonable" front pay in lieu of compliance with the contractually mandated procedures, which would require her reinstatement. Our reading of *Piacitelli* persuades us that, in cases where actual compliance with contractually mandated procedures is impracticable, plaintiff is entitled to front pay for the period of time in which defendants could reasonably achieve "substantial compliance" with those procedures.